MANDOUR & ASSOCIATES, APC
Joseph A. Mandour (SBN 188896)
Email: jmandour@mandourlaw.com
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone (858) 487-9300
Attorneys for Plaintiff,
OPP BRAND SOLUTIONS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPP BRAND SOLUTIONS LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>UNCAGED, LLC, a Nebraska limited liability company,<br><br>        Defendant. | **Case No. 2:19-cv-9014**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, UNFAIR COMPETITION, TORTIOUS INTERFERENCE, TRADE LIBEL AND OTHER RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff OPP BRAND SOLUTIONS LLC (hereinafter "Plaintiff"), by and through its counsel, alleges as its complaint against Defendant UNCAGED LLC ("Defendant") as follows:

**NATURE OF ACTION**

1.     This is an action for declaratory relief under federal law pursuant to 28 U.S.C. § 2201, *et seq.* for a declaratory judgment of non-infringement of the claims of U.S. Patent No. 8,944,682 (hereinafter "the '682 Patent" or the "Patent-in-Suit").  A copy of the '682 Patent is attached hereto as Exhibit A.

2.     This is also an action for unfair competition under the Lanham Act 15 U.S.C. § 1125 and tortious interference and trade libel under California law.

**PARTIES**

3.     Plaintiff OPP BRAND SOLUTIONS LLC ("OPP") is a California limited liability company with an address at: 1900 Bates Ave., Suite K, Concord, CA 94520.

4.     On information and belief, Defendant Uncaged, LLC ("Uncaged") is a Nebraska limited liability company with an address at: 5062 S. 108th Street, Suite #112, Omaha, NE 68137.

**JURISDICTION AND VENUE**

5.     Jurisdiction in this Court and in the subject matter of this action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 1331 & 1338 and the patent laws of the United States 35 U.S.C. § 1, *et seq.* with supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

6.     This Court may exercise personal jurisdiction over the Defendant based upon its activities, including its transaction of business, within the Central District of California.  Defendant sells its products nationwide including, upon information and belief, within the State of California.

7.     Venue is proper and reasonable in this district under 28 U.S.C. § 1391(b)(2) because Defendant resides in the district and a substantial part of the events or omissions giving rise to this claim occurred in the district.

## FACTUAL BACKGROUND

8.  Plaintiff OPP is in the business of, *inter alia,* selling a variety of clothing and personal accessory products online including, among many other items, scarves.

9.  Defendant Uncaged is also in the business of selling personal accessory products including a certain scarf product that it contends is the subject of the '682 Patent.

10.  Both Plaintiff and Defendant sell their personal accessory products on the retail website <u>Amazon.com</u> operated by Amazon.com, Inc. ("Amazon").

11.  True and correct copies of exemplary product listings of Plaintiff's and Defendant's products on Amazon are attached hereto as Exhibit B.

12.  OPP's scarf products do not comprise (at a minimum):

- an elongated composite fabric sash having an inner annuler {sic} sheet and an outer loosely billowed annular sheet attached together to form a continuous generally oval ring shaped body;

- a selectively closable pocket separate from and attached to the inner and outer sheets and sandwiched between the inner and outer sheets, wherein the pocket is accessible along one edge joining the inner and outer sheets, and wherein the sash may be folded into the pocket to convert the sash into the clutch purse, wherein the loosely billowed outer sheet of the sash loosely drapes on a wearer and substantially hides content of the pocket when worn as a sash; or,

- a drawstring around the ring shaped body to adjust an amount of billow of the loosely billowed sheet.

Attached hereto as Exhibit C are images of OPP's scarf design.

\\

\\

\\

13.     On September 16, 2019, OPP received an email notice from Amazon indicating Uncaged alleged a claim of patent infringement for the '682 Patent against OPP's products.  A true and correct copy of Amazon's email notice is attached hereto as Exhibit D.

14.     Even a cursory examination of OPP's product reveals that OPP's accused scarf products do not and cannot infringe the '682 Patent.  At the very minimum, OPP's product clearly does not have a drawstring or an inner annular sheet.

15.     As a result of Defendant Uncaged's baseless complaint to Amazon, twenty-nine (29) of OPP's sales listings were contemporaneously disabled, preventing OPP from making sales of the accused product on Amazon.

16.     On information and belief, Defendant Uncaged has intentionally misrepresented to Amazon the extent of its purported patent rights, including and without limitation, falsely stating that Plaintiff's product falls within the scope of the claims of the '682 Patent.  Moreover, Plaintiff's product is so far outside the scope of the claims of the '682 Patent that it is clear Defendant acted with intentional and/or reckless disregard to claim even a colorable claim of patent infringement.

17.     Defendant's defamatory misrepresentation to Amazon alleging patent infringement on or about September 16, 2019 had no reasonable basis and was intended to disrupt and interfere with Plaintiff's sales of a competing product.

18.     Due to Amazon's partially automated system of regularly disabling sales listings, Defendant's wrongful, false, and misleading complaint caused interruption and interference with Plaintiff's listings and sale of products.  As a result, Defendant has prevented Plaintiff OPP's prospective sales during the period of being delisted by Amazon's system.

19.     On September 20, 2019, Plaintiff sent a letter, through its counsel, informing Defendant that its Amazon complaint had no factual or legal basis.

20.     Despite continuous and subsequent correspondence between Plaintiff's and Defendant's counsel, Uncaged has refuse to withdraw its complaint with Amazon.  Plaintiff's sales listings remain disabled and Plaintiff continues to lose sales.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Declaratory Judgment of Non-Infringement of the '682 Patent)

21.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 20 of the complaint as though fully set forth herein.

22.     There exists an actual, substantial, and immediate controversy between OPP and Uncaged concerning OPP's alleged liability for infringement of the claims of the '682 Patent.

23.     The controversy was, at least in part, created by Uncaged's correspondence to Amazon alleging patent infringement by OPP.

24.     OPP unequivocally asserts that it does not infringe any of the claims of the '682 Patent.  Prior to Defendant's correspondence, Plaintiff had no constructive or actual notice of the '682 Patent.

25.     Plaintiff is entitled to a judgment declaring that it does not infringe, and has not infringed, the claims of the '682 Patent by making, using, selling or offering to sell Plaintiff's products, either literally or under the doctrine of equivalents.

26.     Plaintiff seeks a declaratory judgment to resolve Plaintiff's and Defendant's respective rights regarding Defendant's claim of patent infringement.

\\

\\

\\

\\

**Second Claim for Relief**

**(Interference with Prospective Contractual or Economic Relations)**

27.    Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 26 of the complaint as though fully set forth herein.

28.    Plaintiff has enjoyed an economic relationship with Amazon, third-party retailers and its customers that was an economic benefit to Plaintiff.

29.    Plaintiff also has prospective economic relations with certain customers and prospective customers which would be of economic benefit to Plaintiff.

30.    Defendant knew of the existence of Plaintiff's economic relationship or prospective economic relations with Amazon, third-party retailers, customers and prospective customers.

31.    Defendant intentionally or negligently interfered with these economic relationships causing a breach of the relationships with no privilege to do so.

32.    Also, Defendant intentionally and improperly interfered with Plaintiff's prospective contractual or economic relations by inducing or causing the customer and/or prospective customer not to enter into or continue its prospective relationship with Plaintiff or has prevented Plaintiff from acquiring or continuing its prospective relations.

33.    Defendant's actions have been without justification or privilege.

34.    Defendant's acts, as set forth above, constitute tortious interference, all to the damage of Plaintiff as previously alleged.

**Third Claim for Relief**

**(Trade Libel)**

35.    Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 34 of the complaint as though fully set forth herein.

36.     On information and belief, Defendant misrepresented to Amazon that Plaintiff infringed Defendant's patent rights, despite having no reasonable basis for believing Plaintiff's product was within the scope of the claims of the '682 Patent.

37.     Defendant's complaint alleging patent infringement by Plaintiff would be clearly or necessarily understood to have disparaged the quality of Plaintiff's product.  This statement was made to Amazon.  The statement was false. Defendant knew that the statement was false or acted with reckless disregard of the truth or falsity of the statement.  Defendant knew or should have recognized Amazon might and did act in reliance on the statement, causing Plaintiff financial loss.

38.     Plaintiff suffered direct financial harm because Amazon acted in reliance on the statement and Defendant's conduct was a substantial factor in causing Plaintiff's harm.

39.     Defendant's acts, as set forth above, constitute trade libel, all to the damage of Plaintiff as previously alleged.

40.     Defendant's conduct amounted to malice, oppression or fraud.

**Fourth Claim for Relief**

**(Unfair Competition under 15 U.S.C. § 1125)**

41.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 40 of the complaint as though fully set forth herein.

42.     By reason of the foregoing unlawful acts recited in the paragraphs above, Plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damages award, including increased treble damages and attorneys' fees, are imposed by this court against Defendant.

43.     Defendant's acts, as set forth above constitute unfair competition as defined in 15 U.S.C. § 1125, all to the damage of Plaintiff as previously alleged.

**Fifth Claim for Relief**

**(State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200)**

44.   Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 43 of the complaint as though fully set forth herein.

45.   Defendant's acts, as set forth above constitute unfair competition as defined in California Business and Professions Code § 17200, *et seq.*, all to the damage of Plaintiff as previously alleged.

**Sixth Claim for Relief**

**(Common Law Unfair Competition)**

46.   Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 45 of the complaint as though fully set forth herein.

47.   Defendant's acts, as set forth above, constitute unfair competition as defined under California common law, all to the damage of Plaintiff as previously alleged.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendant for the following:

A.   Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be permanently enjoined from:

  i.   interfering with Plaintiff's economic and prospective relationship with Amazon or other third-party vendors and Plaintiff's customers, including sending false or misleading complaints of patent infringement to Amazon or Plaintiff's customers;

  ii.   unfairly competing with Plaintiff;

  iii.   conspiring, encouraging, inducing, allowing, abetting, or assisting

others in performing any of the activities referred to in subparagraphs (i) - (ii) above.

B.      Defendant shall file with the Court and serve on Plaintiff, within 30 days after the entry and service on Defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which Defendant has complied with the provisions of subparagraph (A) above.

C.      Declaring Plaintiff has not and does not infringe the claims of U.S. Patent No. 8,944,682.

D.      Plaintiff recovers all damages it has sustained as a result of Defendant's tortious interference, trade libel and unfair competition.

E.      Plaintiff be awarded exemplary damages, pursuant to any applicable law.

F.      Plaintiff be awarded punitive damages, pursuant to any applicable law.

G.      Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action, pursuant to any applicable law.

H.      Plaintiff recover its costs of this action and pre-judgment and post-judgment interest to the full extent allowed by law.

I.      Plaintiff receive all other relief the Court deems appropriate.


Respectfully submitted,

**MANDOUR & ASSOCIATES, APC**

Dated: <u>October 18, 2019</u>


<u>        /s/ Ben T. Lila        </u>
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Plaintiff,
OPP BRAND SOLUTIONS LLC

# JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

**MANDOUR & ASSOCIATES, APC**

Dated: October 18, 2019

_____/s/ Ben T. Lila_____
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Plaintiff,
OPP BRAND SOLUTIONS LLC

**EXHIBIT A**



US008944682B2

(12) **United States Patent**
Lee

(10) Patent No.: **US 8,944,682 B2**
(45) **Date of Patent:** Feb. 3, 2015

(54) **CONVERTIBLE CLUTCH PURSE**

(75) Inventor: **Angela A. Lee**, Omaha, NE (US)

(73) Assignee: **Uncaged, LLC**, Omaha, NE (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 406 days.

(21) Appl. No.: **13/368,523**

(22) Filed: **Feb. 8, 2012**

(65) **Prior Publication Data**

US 2013/0056118 A1    Mar. 7, 2013

**Related U.S. Application Data**

(60) Provisional application No. 61/573,315, filed on Sep. 2, 2011, provisional application No. 61/567,473, filed on Dec. 6, 2011.

(51) **Int. Cl.**
| | |
|---|---|
| *A45C 9/00* | (2006.01) |
| *A45C 3/06* | (2006.01) |
| *A45F 4/00* | (2006.01) |
| *A45F 3/02* | (2006.01) |

(52) **U.S. Cl.**
CPC ... *A45C 3/06* (2013.01); *A45F 4/00* (2013.01); *A45C 9/00* (2013.01); *A45F 3/02* (2013.01); *A45C 2009/007* (2013.01)
USPC .......................... **383/4**; 224/158; 383/71; 2/91

(58) **Field of Classification Search**
USPC ................ 224/586, 158, 159; 383/4, 71; 2/91
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 776,193 | A | * | 11/1904 | Mills ............................. 224/602 |
| 2,038,952 | A | * | 4/1936 | Niedorff et al. ................ 224/218 |
| 2,324,722 | A | * | 7/1943 | Papierniak .......................... 2/93 |
| 2,682,290 | A | * | 6/1954 | Joseph ......................... 383/121 |
| 3,931,917 | A | * | 1/1976 | Zellmer .......................... 224/602 |
| 4,388,739 | A | * | 6/1983 | Martinon et al. ................ 8/150 |
| 4,404,689 | A | * | 9/1983 | DeWan .......................... 2/247 |
| 4,634,031 | A | | 1/1987 | Frankhouse |
| 4,667,345 | A | * | 5/1987 | Jachowski .......................... 2/91 |
| D294,195 | S | * | 2/1988 | Starks ............................. D3/246 |
| 4,750,653 | A | | 6/1988 | Prunty |
| 5,950,887 | A | * | 9/1999 | Powell .......................... 224/158 |
| 6,112,960 | A | | 9/2000 | Seering et al. |
| D432,299 | S | | 10/2000 | Vazquez |
| D432,300 | S | * | 10/2000 | Vazquez .......................... D3/232 |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| JP | 2009-165598 A | 7/2009 |
| KR | 20-0376077 | 3/2005 |

OTHER PUBLICATIONS

International Search Report and Written Opinion, dated Feb. 1, 2013, from co-owned International Application No. PCT/US2012/053015.

*Primary Examiner* — Tri Mai

(74) *Attorney, Agent, or Firm* — Greenberg Traurig, LLP

(57) **ABSTRACT**

A convertible clutch purse is disclosed that converts to a billowy sash and vice versa. The purse is formed of an elongated composite fabric structure having an inner sheet and an outer billowed sheet attached together to form, in one embodiment, a generally oval shaped body. A selectively closable pocket is sandwiched between the inner and outer sheets, wherein the pocket is accessible along one edge joining the inner and outer sheets, and wherein the sash may be folded into the pocket to convert the sash into the clutch purse. An alternative embodiment converts from the purse to a stole or scarf having free ends.

**4 Claims, 6 Drawing Sheets**



EXHIBIT A

## US 8,944,682 B2

Page 2

(56)          **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D432,301 S | 10/2000 | Vazquez |
| D468,904 S | 1/2003 | Vazquez |
| D469,251 S | 1/2003 | Vazquez |
| D469,604 S | 2/2003 | Vazquez |
| 6,595,396 B2 | 7/2003 | Cummings et al. |
| 6,634,041 B2 | 10/2003 | Higashi et al. |

| | | | |
|---|---|---|---|
| 6,644,527 B1 | 11/2003 | Karenga | |
| 6,886,726 B1 | 5/2005 | O'Hare | |
| D505,787 S | 6/2005 | Vaughn | |
| 7,143,450 B2 * | 12/2006 | Green, III | 2/94 |
| 7,269,855 B2 * | 9/2007 | LaRocco | 2/49.1 |
| 7,870,982 B2 | 1/2011 | Dong et al. | |
| 2005/0039242 A1 | 2/2005 | Edmondson | |
| 2006/0157525 A1 | 7/2006 | Furlong et al. | |
| 2010/0237121 A1 | 9/2010 | Stein | |

* cited by examiner

U.S. Patent          Feb. 3, 2015          Sheet 1 of 6          US 8,944,682 B2



FIG.1



FIG.2



FIG.3



FIG.4



FIG.5



FIG.6

EXHIBIT A

US 8,944,682 B2

**1**

## CONVERTIBLE CLUTCH PURSE

### CROSS REFERENCE TO RELATED APPLICATIONS

This application claims the benefit of priority of U.S. Provisional Patent Application Ser. No. 61/573,315, filed Sep. 2, 2011, entitled Pocket(s) Bandolier Convertible into Clutch-Purse and/or Belt-Carrier, and Provisional Patent Application Ser. No. 61/567,473, filed Dec. 6, 2011, entitled Convertible Scarf, the content of which are hereby incorporated by reference in their entirety.

### BACKGROUND OF THE DISCLOSURE

U.S. Pat. Nos. 4,634,031 and D505787 disclose typical over-the-shoulder pocket bandoliers. People, particularly women, often select their purses and/or scarves in a manner to complement their clothing. However, over the shoulder pocket bandoliers such as shown in these patents, are not constructed or designed as a garment to complement a wearer's outfit or make a complementary fashion statement. A sash, on the other hand, is often used to complement a wearer's outfit. Most women, for example if using such a garment as a bandolier or sash, would still opt, in addition, for carrying a clutch purse or a strapped purse over one shoulder in a normal manner. In such a case, one often will lay her purse down when handling merchandise, for example, which can lead to inadvertent misplacement or theft of one's purse. Therefore there is a need for a product that can carry normal purse items so as to circumvent such problems, and still look like part of the persons collective outfit.

### SUMMARY OF THE DISCLOSURE

The present disclosure directly addresses this problem. A convertible sash in accordance with a first embodiment of the present disclosure provides a decorative billowing bandolier or sash that looks like a decorative billowing wrap, shawl or sash, but has, within its folds, a closable pocket into which personal items such as lipstick, wallet, comb can be stored while still retaining its draped, billowy shape when worn. In addition, when the pocket is turned inside out, the billowy sash can be stuffed into this pocket to convert it into a clutch purse. The pocket is of sufficient size to carry the typical content of a clutch purse in addition to the sash.

Another embodiment may further include a set of tails attached to the side edges of the clutch purse that can be either tied or snap fastened together to make the clutch purse into a waist pack.

A still further embodiment is a scarf or stole, that includes a pocket into which, when turned inside out, the scarf or stole can be stuffed to convert the scarf into a clutch purse.

Further features, advantages and characteristics of the embodiments of this disclosure will be apparent from reading the following detailed description when taken in conjunction with the drawing figures.

### DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view of a person wearing a billowing sash in accordance with an exemplary embodiment of the present disclosure.

FIG. **2** is separate perspective view of the billowing sash shown in FIG. **1**.

FIG. **3** is a separate perspective view of the billowing sash shown in FIG. **2** with the pocket turned inside out.

**2**

FIG. **4** is a separate perspective view of the sash partially folded into the pocket to form the clutch purse.

FIG. **5** is a perspective view of a convertible scarf in accordance with another embodiment of the present disclosure.

FIG. **6** is a perspective view of either the billowing sash or convertible scarf partially folded into the clutch purse with tails to form a waist pack in accordance with the present disclosure.

### DETAILED DESCRIPTION

An exemplary embodiment of a convertible sash/clutch purse **100** is shown in FIG. **1** worn by a woman **102**. The convertible sash/clutch purse **100** is separately shown in FIGS. **2-4**. The sash **100** is an elongated body having a continuous general oval shape, formed from two sheets preferably sewn together. The sash **100** has a fabric inner sheet **104** that forms a generally body hugging sash. This inner sheet **104** is sewn or otherwise fastened along its outer edges to a loosely billowed outer fabric sheet **106**. Along a portion of an upper edge of the inner sheet **104** one side of a zipper **108** is sewn. The zipper **108** is also sewn to one edge of a generally rectangular pocket **110**. The other side of the zipper **108** is sewn to an upper edge of the billowy outer fabric sheet **106** so as to sandwich the pocket **110** between the inner sheet **104** and the outer sheet **106**.

The inner sheet **104** may be formed of any fabric material. A smooth fabric such as satin or silk may be preferred so as to ride comfortably against the wearer's clothing. The outer sheet **106** may be any one of a number of decorative fabrics that is chosen to complement a portion of the person's clothing such as blouse, skirt or pants, and may be fine woven or coarse, and may be patterned or plain. The outer sheet **106** is preferably larger than the inner sheet **104** such that when sewn together, the outer sheet **106** billows and drapes loosely on the wearer **102** about the inner sheet **104** forming the sash **100**. Such a construction also hides the pocket **110** when worn, as the pocket **110** typically may contain numerous items that the wearer normally would carry in a separate purse.

Because of the billowy nature of the outer sheet **106**, a drawstring **111** may also be provided around the perimeter so that the wearer can adjust the amount of billow that the sash **100** presents when worn. A second or third smaller pocket (not shown) could also be provided in the sash **100** for storage of particularly vital small items such as extra cash or keys.

The sash **100** is preferably worn as shown in FIG. **1**. The wearer **102** can also take off the sash **100** and open the zipper **108**, pull inside-out the pocket **110**, as shown in FIG. **3**, and then stuff the sash **100** into the pocket **110** as is shown in FIG. **4**. The pocket **110** then becomes the clutch purse. Alternatively, the pocket **110** may have tails or belt straps **112** sewn or removably attached to its lateral outer edges, as shown in FIG. **6**. These belt straps **112** preferably terminate in male/female mating buckles **114** such that the clutch purse (converted sash **100**) alternatively can be worn as a waist pack. These straps **112** may, for example, be fastened to the pocket **110** via snap fasteners, or sewn to the pocket **110**.

An alternative convertible scarf or stole **200** is shown in FIG. **5**. Here the convertible scarf or stole **200** is formed in the same manner as the sash **100** except that the ends of the fabric sheets are not joined a continuous loop or sash. The scarf or stole **200** is formed of an inner sheet **202** sewn to an outer sheet **204** with a zippered pocket **206** that can be utilized identically to that shown and described with reference to the convertible sash **100** above.

There are many alternatives and modifications that will be apparent to those skilled in the art. For example, the scarf or

EXHIBIT A

US 8,944,682 B2

3

4

stole **200** may be configured by another zipper along its bottom ends such that the ends may be joined together to form a virtual equivalent to the sash **100** described above. The sash **100** may be configured with zippered pockets **110** on both sides of the sash **100** in a mirror configuration. The sash **100** may also include a short sleeve portion for the upper arm of the wearer such that it will not slip down off the wearer's shoulder when worn during exercise. All such changes, alternatives and equivalents in accordance with the features and benefits described herein, are within the scope of the present disclosure. Such changes and alternatives may be introduced without departing from the spirit and broad scope of my invention as defined by the claims below and their equivalents.

What is claimed is:

**1**. A convertible sash/clutch purse comprising:

an elongated composite fabric structure having an inner sheet and an outer loosely billowed annular sheet attached together to form a continuous generally oval ring shaped body;

a selectively closable pocket separate from and attached to the inner and outer sheets and sandwiched between the inner and outer sheets, wherein the pocket is accessible along one edge joining the inner and outer sheets, and wherein the sash may be folded into the pocket to convert the sash into the clutch purse, wherein the loosely billowed outer sheet of the sash loosely drapes on a wearer and substantially hides content of the pocket when worn as a sash; and

a drawstring around the ring shaped body to adjust an amount of billow of the loosely billowed sheet.

**2**. The purse according to claim **1** wherein the closable pocket includes a zipper closure along a seam between the inner and outer sheets.

**3**. The purse according to claim **2** further comprising a strap extending from each opposite side of the pocket configured to convert the purse to a waist pack.

**4**. The purse according to claim **1** wherein the elongated body forms a continuous sash for a person to wear between hip and opposite shoulder.

\* \* \* \* \*

UNITED STATES PATENT AND TRADEMARK OFFICE

# CERTIFICATE OF CORRECTION

PATENT NO.        : 8,944,682 B2                                         Page 1 of 1
APPLICATION NO.   : 13/368523
DATED             : February 3, 2015
INVENTOR(S)       : Lee

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

In the Claims

In Column 3, Line 18, in Claim 1, delete "fabric structure having an inner" and insert -- fabric sash having an inner annuler --, therefor.

In Column 4, Line 6, in Claim 1, delete "into the" and insert -- into a --, therefor.

Signed and Sealed this
Eighth Day of September, 2015

Michelle K. Lee

Michelle K. Lee
*Director of the United States Patent and Trademark Office*

EXHIBIT A

**EXHIBIT B**





EXHIBIT B

**EXHIBIT C**

EXHIBIT C







EXHIBIT C

**EXHIBIT D**

**From:** Amazon <notice-dispute@amazon.com>
**Sent:** Monday, September 16, 2019 11:51 AM
**To:** amazon@popfashion.co
**Subject:** Notice: Policy Warning

Hello,

We removed some of your listings because we received a report from a rights owner that they infringe the following patent(s):

-- Patent number  8,944,682

The listings we removed are at the bottom of this message.

Why did this happen?
One or more of your listings may be infringing the intellectual property rights of others.

We're here to help.
If you need help better understanding what is causing this, please search for "Intellectual Property Violations" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

How do I reactivate my listing?
To reactivate your listing you may provide one of the following:
1) A letter of authorization or a licensing agreement from the manufacturer or Rights Owner demonstrating that your product sales are lawful to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

Have your listings been removed in error?
If you believe there has been an error, please tell us why. Your explanation should include the following information:
-- Proof that you have never sold the reported product. We will investigate to determine if an error occurred.

OR

1

EXHIBIT D

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain inactive.

If you do not provide the information within 90 days, you will receive a request to remove the inventory associated with these listing per our removal policy (https://sellercentral.amazon.com/gp/help/202000820). Failure to address this request can lead to destruction of your inventory.

ASIN: B01LWVKW94, B01N0P14XY, B01K8Y375C, B01LXG23G4, B01LZ5KRL2, B01NCHA1DH, B01LWVL02K, B01MQU93SY, B01LWJU0Y8, B01NCKCYJK, B01MQU974U, B01N9FTJLX, B01M0PI989, B01N7GFOUA, B01MQU94ID, B01MXWFA27, B01MF8YMV9, B01LZHB91A, B01N07GW0Y, B01N4C65RE, B072BBK7SK, B01M1ONOYX, B01LWJW3UT, B01LZH8O9T, B01LXG2B3F, B01N2S4SC2, B01N2S4CCD, B01LY6GQLK, B01LXG27S4
Patent Number: 8,944,682
Complaint ID: 6445073101

-- angela@sholdit.com

You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485
-- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl...
Sincerely,
Seller Performance Team
Amazon.com
http://www.amazon.com



2

EXHIBIT D